UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 19-085 (PAM/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) **PLEA AGREEMENT AND** |
| | ) **SENTENCING STIPULATIONS** |
| v. | ) |
| | ) |
| SETH ROBERT RONNING, | ) |
| | ) |
| Defendant. | ) |

The United States of America and SETH ROBERT RONNING (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This Plea Agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This Agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count 1 of the Superseding Indictment, charging him with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

2. **Stipulated Facts**. The defendant stipulates and agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt: On or about September 20, 2017, the defendant was operating a white Toyota Corolla by himself in Duluth, Minnesota. On that night, the defendant drove to an apartment building and had a verbal altercation with several people outside the apartment. After the defendant drove a short distance away, he discarded a

SCANNED
JAN 13 2020
U.S. DISTRICT COURT ST. PAUL

Smith & Wesson nine millimeter semi-automatic pistol by the side of the road and sped away.

Prior to ~~May 1,~~ 2018, the defendant had been previously convicted of one or more crimes punishable by imprisonment for a term exceeding one year, and knew he had been convicted of crimes punishable by imprisonment for a term exceeding one year, including:

| OFFENSE | JURISDICTION OF CONVICTION | DATE OF CONVICTION (on or about) |
| --- | --- | --- |
| Armed Robbery | Douglas County, WI | 9/13/2010 |
| Aggravated Robbery, First Degree | Carlton County, MN | 10/21/2009 |
| Aggravated Robbery, First Degree | St. Louis County, MN | 10/08/2009 |

The firearm was manufactured outside the State of Minnesota and necessarily travelled in or affected interstate commerce before the defendant came to possess the firearm. The defendant stipulates and agrees that he knowingly possessed the firearm in the Superseding Indictment, that he acted voluntarily, and that he knew his actions violated the law.

3. **Statutory Penalties**. If the defendant is deemed an Armed Career Criminal, the parties agree that Count 1 of the Superseding Indictment carries the following statutory penalties:

      a. a minimum of 15 years' imprisonment;

      b. a maximum of life imprisonment;

      c. a supervised release term of up to five years;

      d. a fine of up to $250,000; and

      e. a mandatory special assessment of $100.

If the defendant is not an Armed Career Criminal, the parties agree that Count 1 of the Superseding Indictment carries the following statutory penalties:

      a.    maximum of 10 years' imprisonment;

      b.    a supervised release term of up to three years;

      c.    a fine of up to $250,000;

      d.    a mandatory special assessment of $100.

4. **Revocation of Supervised Release**. The defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

5. **Guideline Calculations**. The defendant agrees to be sentenced in accordance with the Federal Sentencing Act, 18 U.S.C. §§ 3551, *et seq.*, with reference to the applicable United States Sentencing Guidelines ("USSG" or "Guidelines"). Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge the Court will

consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a. Base Offense Level. The Government believes that the defendant is an Armed Career Criminal and that the base offense level is **33**. USSG § 4B1.4(b)(3)(B). The defendant reserves the right to argue that he is not an Armed Career Criminal.

    If the defendant is not an Armed Career Criminal, the base offense level is **24** because the defendant possessed the firearm subsequent to sustaining at least two felony convictions for crimes of violence. (U.S.S.G. § 2K2.1(a)(2)).

    b. Specific Offense Characteristics. If the defendant is not an Armed Career Criminal, the parties agree that the base offense level should be increased by **2 levels** because the firearm was stolen.

    c. Chapter Three Adjustments. The parties agree that, other than as provided for in Paragraph 5.d. below for acceptance of responsibility, no other Chapter Three adjustments apply.

    d. Acceptance of Responsibility. The Government agrees to recommend that the defendant receive a **3-level reduction** for acceptance of responsibility and to make any appropriate motions with the Court. However, the defendant understands and agrees that this recommendation is conditioned upon the following: (i) the defendant testifies truthfully during the change of plea hearing; (ii) the defendant cooperates with the Probation Office in the pre-sentence investigation; and (iii) the defendant commits no further acts inconsistent with acceptance of responsibility. USSG § 3E1.1.

    e. Criminal History Category. Based on the information currently available to the parties, the defendant appears to have a criminal history category of IV or V. This **does not** constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

4

If it is determined that the defendant's criminal history is not a IV or V, such determination shall not be a basis for either party to withdraw from this Plea Agreement.

f. <u>Guideline Range</u>. If the defendant is deemed an Armed Career Criminal, the total offense level is **30** (base offense level of 33, decreased by three levels for acceptance of responsibility). If the defendant is an Armed Career Criminal, the following guideline ranges are possible:

   a. 135 to 168 months, with a mandatory minimum of 180 months (Criminal History Category IV); or
   b. 168 to 210 months' imprisonment, with a mandatory minimum of 180 months (Criminal History Category V).

If the defendant is not an Armed Career Criminal, the total offense level is **23** (Base offense level 24, increased by 2 levels for possession of a stolen firearm, and decreased by 3 levels for acceptance of responsibility). If the defendant is not an Armed Career Criminal, the following guideline ranges are possible:

   a. 70 to 87 months' imprisonment (Criminal History Category IV); or

   b. 84-105 months' imprisonment (Criminal History Category V).

g. <u>Fine Range</u>. The fine range is $20,000 to $300,000. USSG § 5E1.2; 18 U.S.C. § 3571(b)(3).

h. <u>Supervised Release</u>. If the defendant is deemed an Armed Career Criminal, the Sentencing Guidelines call for a term of supervised release of at least two years but not more than five years. USSG § 5D1.2(a)(1).

i. <u>Sentencing Recommendations and Departures</u>. If the Court finds that the defendant is an Armed Career Criminal, the parties jointly agree to recommend the mandatory minimum sentence of 180 months of imprisonment. If the Court does not find that the defendant is an Armed Career Criminal, the parties reserve the right to make departure motions, to oppose any such motion made by the other party, and to argue for a sentence outside the applicable guideline range.

5

6. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determinations regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines, though it may not depart from the mandatory minimum term of 180 months' imprisonment, which is set by statute at Title 18, section 924(e) of the United States Code, if it determines that the defendant is an Armed Career Criminal. If the Court determines that the applicable advisory Guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this Plea Agreement and the defendant will be sentenced pursuant to the Court's determinations.

7. **Special Assessment**. The Guidelines require payment of a special assessment of $100 for each felony count of which the defendant is convicted. USSG §5E1.3. The defendant agrees that he is obligated to pay this amount.

9. **Forfeiture**. The defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), all of the defendant's right, title and interest in the property described in the Forfeiture Allegation of the Superseding Indictment.

10. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Dated: 1/13/2020

ERICA H. MacDONALD
Acting United States Attorney

BY: BRADLEY M. ENDICOTT
Assistant U.S. Attorney

Dated: 1/13/2020

SETH ROBERT RONNING
Defendant

Dated: 1/13/20

KYLE D. WHITE
Defense Counsel